FILED'10 DEC 3 11:54USDC-ORM

1 | ARLENE E. DAY
707 Pittview Ave.
2 | Central Point, OR. 97502-2946
541.664.2995
3

4 | Plaintiff In Pro Se

5

6

7 | IN THE UNITED STATES DISTRICT COURT

8 | DISTRICT OF OREGAN

9 | MEDFORD DIVISION

10

11 | ARLENE E. DAY                            ) Case No.: 1:10CV 3137-CC
                                            )
12 |         Plaintiff,                      ) COMPLAINT FOR FRAUD UNDER TILA
                                            ) 1606-1667f, RESPA, HOEPA, PREDATORY
13 |     vs.                                 ) LENDING, BROKEN CHAIN OF TITLE,
                                            ) WRONGFUL FORECLOSURE, REQUEST FOR
14 | COUNTRYWIDE HOME LOANS INC., agent )     JUDICIAL NOTICE,
                                            ) PRELIMINARY INJUNCTION
15 | for COUNTRYWIDE BANK N.A., BANK OF )     TEMPORARY RESTRAINING ORDER
                                            )
16 | AMERICA, MERS, AMERICAN TITLE           )
                                            )
17 | INSURANCE COMPANY, RECONTRUST           )
                                            )
18 | COMPANY, N.A., BAC Home Loan            )
                                            )
19 | Servicing, LP                           )
                                            )
20 |         Defendants

21 | _____

22 |     Plaintiff Arlene E. Day In Pro Se hereby allege as follows:

23 |                         **PARTIES**

24 |     1. Defendant Countrywide Home Loans is at all times herein mentioned

25 |         was, a corporation organized and existing under the laws of New

York, doing business in Central Point, Oregon.

COMPLAINT - 1

2. Defendant Countrywide Bank N.A. is, and at all times herein mentioned was, a business entity of unknown form, doing business in Jackson County, Oregon.

3. Mortgage Electronic Registration Systems ("MERS"), is a Delaware corporation with its principal place of business in the State of Virginia.

4. Bank of America Corporation, is a Delaware corporation with its principal place of business in the State of North Carolina, County of Mecklenburg.

5. American Title Insurance Company of Oregon, is business entity of unknown form, doing business in Portland, Oregon.

6. Recontrust Company N.A. is a business entity of unknown form, doing business in Simi Valley, California.

7. BAC Home Loans Servicing, LP, is a business entity of unknown form, doing business in Los Angeles, California.

8. Plaintiff is informed and believe and based on such information and belief aver that Defendants Countrywide Home Loan, Countrywide Bank N.A. defendants 1-7, inclusive, and, each of them are and at all times have been, the agents, service or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts omitting to act as averred herein. Bank of America, `BAC Home Loan Servicing, LP, MERS, American Title Insurance Company and Recontrust Company N.A. and defendants 1 through 7, inclusive, are hereinafter collectively referred to as the "Foreclosing Defendants."

9. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

### GENERAL ALLEGATIONS

10.    Prior to February 16, 2007, Plaintiff purchased certain real
property commonly known as (the :Subject Property).

11.    On or about February 16, 2007, plaintiff refinanced the loan on the Subject Property through Countrywide Home Loans and executed a promissory note in favor of Countrywide Home Loans, Inc. The note was secured by a deed of trust with MERS, Inc. as grantee.

12.    On or about February 16, 2007, Countrywide Home Loans, Inc. executed a Deed of Trust and Request For Notice of Default, the document were not signed by plaintiff nor notarized or recorded until June 24, 2010.

13.    Plaintiff made each payment due on the new loan until December 07, 2009, the last payment on the 2nd mortgage was made on 10/06/2009.

14.    Plaintiff is unsure when Bank of America acquired the servicing rights to Plaintiffs' loan from Countrywide Home Loans Inc. Plaintiff continued to make her payment but now remitted them to Bank of America.

15.    On or about April 2009, plaintiff realized she could not make the payments and contacted Countrywide Home Loans Inc. to

COMPLAINT - 3

1    modify the loan.

2         Plaintiff was told she didn't qualify for a loan modification.

3    She tried several times to modify the loan.

4    16.   Plaintiff contacted Bridgway Processing Services on June

5         11, 2009, still trying to modify the loan.

6    17.   On or about December 01, 2009, Plaintiff could not make her

7         monthly payments. Plaintiff only had Social Security income of

8         about $1,036.00 per month and was receiving food stamps.

9    18.   Subsequently, on or about June 25, 2010, Plaintiff received

10        notice that a Notice of Default and Election to Sell Deed of

11        Trust ("Notice") had been recorded on the subject property. The

12        Notice was executed on June 23, 2010, and recorded on June 24,

13        2010. However, Plaintiff was not familiar with the entities set

14        forth therein. Specifically, the Notice stated that the Deed of

15        Trust executed by Plaintiff "was in favor of Mortgage Electronic

16        Registration Systems, Inc. ("MERS"), as Beneficiary, not

17        "Countrywide Home Loans Inc.". MERS was never a beneficiary of

18        Plaintiffs' loan. Additionally, MERS was never entitled to

19        receive payments from Plaintiff pursuant to the note and MERS was

20        not qualified to conduct business in the State of Oregon at the

21        time the Deed of Trust was executed.

22        Thus, MERS did not have legal standing or any legal right to

23        substitute the trustee under the Deed of Trust.  Moreover, the

24        Notice listed RECONTRUST COMPANY, N.A. as the trustee and

25        RECONTRUST COMPANY, N.A. executed and recorded the Notice.

     19.   Notice was wrongful and improper because RECONTRUST

          COMPANY, N.A. did not have the legal right to act as trustee

COMPLAINT - 4

under the Deed of Trust dated 02,16,2007. Specifically, the substitution of Trustee which allegedly substituted RECONTRUST COMPANY, N.A. in as trustee was not executed until June 23, 2010 and was recorded until June 24, 2010.

20.    Prior to receipt of Notice, Plaintiff did not receive any telephone calls from Countrywide Home Loans.

21.    Based on information and belief, there was no assignment of the NOTE with the Deed of Trust, none of the Foreclosing Defendants are the holder of the NOTE in due course, and none of the Foreclosing Defendants were assigned the NOTE by Countrywide Home Loans Inc. Accordingly, none of the Foreclosing Defendants were ever entitled to enforce the NOTE.

## PREDATORY LENDING, FRAUD

## 15 USC 1606-1667f

22.    Plaintiff incorporate herein by reference the allegations made in paragraphs 1-20 inclusive, as though fully set forth herein.

23.    At all relevant times herein, Countrywide Home Loans Inc. agent for Countrywide Bank N.A. acting as Plaintiffs' lender, had a duty to exercise reasonable care and skill in completing and assisting in the Uniform Residential Loan Application.

24.    On 02/05/2007, Mr. completed the loan application by phone with Plaintiff. Mr. stated Plaintiff had employment income of $3,750.00, Mr. knew plaintiff was unemployed receiving food stamps and had Social Security income of $1,036.00 per month, as plaintiff had suffered a stoke in November 2006.

25.     Plaintiff had rental income of $1,500.00 per month however, after the mortgage, insurance and taxes were paid was negative $601.00. Plaintiff reported to the Internal Revenue Service a gross income for tax year 2006, $14,682.00.

26.     Plaintiff never signed the Uniform Residential Loan Application, Mr.s' signature is the only one on the application dated 02/05/2007.

27.     As a direct and proximate result of the lending practices under TILA 15 USC 1605, HOEPA 15 USC 1639 alleged against Countrywide Home Loans Inc., agent for Countrywide Bank N.A., Plaintiff suffered general and special damages in an amount to be determined at trail.

### BROKEN CHAIN OF TITLE

28.     Plaintiff incorporates herein by reference all the allegations made in paragraphs 1-26, inclusive, as though fully set forth herein.

29.     Plaintiff is unsure as to when Bank of America became the servicer of the loan. Plaintiff never received anything by mail, or telephone that Bank of America was the servicer of the loan.

30.     Bank of America is not the holder of the NOTE, Bank of America is not on any Deed of Trust, Bank of America is alleged to be one of the foreclosing defendants.

31.     On Thanksgiving Day 11/25/2010, Plaintiff received a telephone call from a Bank of America agent (Lori) asking if Plaintiff had moved from the property, where was the Plaintiff going to go, how was Plaintiff planning on paying. Plaintiff

COMPLAINT - 6

1   explained she had not moved, she had nowhere to go and, she had

2   no money to pay.

3   32.   Plaintiff is 70 years old, living on a fixed income.

4   33.   Bank of America, BAC Home Loans, LP., has no claim to the

5   subject property.

6   34.   Plaintiff further allege on information and belief that the

7   loan was sold or transferred without notifying the Plaintiff in

8   writing. Therefore, the loan is void of legal rights to enforce.

9   35.   Plaintiff tried on several occasions to remodify the loan

10   starting in October 2008.

11                              **FRAUD**

12                              **MERS**

13   36.   Plaintiff incorporate herein by reference the allegations

14   made in paragraph 1 through 35, inclusive, as though fully forth

15   herein.

16   37.   MERS operates as a record-keeping database company in which

17   MERS contracts with lenders to track security instruments in

18   return for an annual fee.

19   38.   Based on information and belief, MERS was at all times

20   herein operating in the State of Oregon without registering as a

21   foreign corporation to avoid paying taxes to the state.

22   39.   As a result of MERS failure to comply with the Oregon tax

23   laws, the Deed of Trust, dated 02/16/2007 alleged herein is

24   voidable by Plaintiff pursuant to Rev and Tax codes of Oregon.

25   40.   Moreover, MERS is not in the business of creating

evidences, and it is not a foreign lending institution. It does

not originate loans, never had any true interest in the subject loan or Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for a foreign corporation.

41.   MERS conducted business in Oregon when it was not registered with the Secretary of State. Specifically, it prepared and/or executed a Substitution of Trustee and assignment of Deed of Trust in February 16, 2007. The substitution allowed the new Trustee, RECONTRUST COMPANY, N.A., to record a Notice of Default on the Subject Property.

42.   At all relevant times herein, MERS was not registered in Oregon and could not prepare or execute the Deed of Trust. MERS had no legal authority to take such action. Deeds of Trust are contractual in nature. A contract made by a corporation doing business in Oregon while that corporation has failed to perform its tax obligations is voidable at the option of any party to the contract, other than the (delinquent taxpayer). Thus, MERS did not have the legal capacity to enter into a contract with the Plaintiff or anyone else, and Plaintiff have the option of voiding the contract. Any action that MERS took with regard to assigning the within deed of trust and substituting the trustee would be void. It should be noted MERS didn't register with Oregon until 02/25/2010.

43.   Plaintiff hereby expressly request an adjudication to the effect that the assignment of the deed of trust and substitution of the trustee by MERS are void.

COMPLAINT - 8

## WRONGFUL FORECLOSURE

44.     Plaintiff incorporate herein by reference the allegations made in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45.     Plaintiff is informed and believe and thereon allege that after the origination and funding of her loan, it was sold to investors as a "mortgage backed security" and that none of the foreclosing defendants in this action owned this loan, or the corresponding note. Moreover, none of the foreclosing defendants in this action were lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the foreclosing defendants in this action had the right to declare default, cause notice of default to be issued or recorded, or foreclose on Plaintiffs' interest in the Subject Property. The foreclosing defendants were not the note holder or a beneficiary at any time with regard to Plaintiffs' loan.

46.     Plaintiff further allege on information and belief that none of the Foreclosing Defendants in this action are beneficiaries or representatives of the beneficiary and, if the Foreclosing Defendants allege otherwise, they do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

47.     Plaintiff allege on information and belief that the loan was sold or transferred without notifying the Plaintiff in writing. Therefore, the loan is void of legal rights to enforce it.

COMPLAINT - 9

48.    Plaintiff further allege the Notice of Default and Election

to Sell states that Plaintiff is to pay the beneficiary, MERS to

stop the foreclosure.

**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

49.    Plaintiff incorporate herein by reference the allegations

made in paragraph 1 through 48, inclusive, as though fully set

forth herein.

50.    The Foreclosing Defendants never had the legal authority to

foreclose, i.e., the authority to exercise the power of sale as

an assignee of the Note and Deed of Trust. Foreclosing Defendants

never had the legal authority to foreclose because the instrument

(Deed Of Trust), which permitted foreclosure if the borrower was

in default, is void as it improperly assigned and/or transferred

to the Foreclosing Defendants from the original lender.

Therefore, the Deed of Trust could not provide a basis for a

foreclosure, and the non-judicial foreclosure is void.

51.    The assignment of the deed of trust is invalid, and of no

force and effect, for the reason set forth, the fact that MERS

did not have standing or the legal authority to assign the deed

of trust which purportedly secured the NOTE, and which served as

a basis for a claim to have the right to conduct a non-judicial

foreclosure. Thus, the assignment of the deed of trust was at all

times void. Bank. No. 08-31282-elp7, 2010 WL 3366405, at *10,

National Bank  vs.  Kesler, 40 Kan. App. 2d 325, 192 P. 3d 177,

2009. Bellistri  v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619,

623-24 (Mo. Ct. App. 2009) (in spite of deed language purporting

to transfer the promissory note, MERS never held the note and the

COMPLAINT - 10

1    lender never gave MERS the authority to transfer the note; thus

2    MERS' transfer of the deed of trust, separate from the NOTE, was

3    ineffective and the successor lender lacked a legal cognizable

4    interest in the property); Saxon Mortg. Serv., Inc. v. Hillery,

5    No. C-08-4357 EMC, 2008 WL 5170180, at *5 (N.D. Cal. Dec. 9,

6    2008).

     52.    Plaintiff is a 70 year old, single female, with health

7    Issues. Plaintiff believes she will likely succeed on the merits,

8    that she is likely to suffer irreparable harm in the absence of

9    preliminary relief, that the balance of equities tips in her

10   favor, and that an injunction is in the public interest.

11   53.    Plaintiff believes it is the spirit of the law to protect

12   the victims of fraud and deceptive practices. Plaintiff

13   respectfully request this Honorable Court to review all exhibits,

14   grant a TRO and Preliminary Injunctive Order in favor of

15   Plaintiff.

     Plaintiff asks the Court to toll time,(Doctrine of Equitable

16   Tolling), King  v. State of California, 784 F.2d 910, 915 (9th

17   Cir. 1986), as the Plaintiff has just discovered the violations.

18

19   Wherefore, Plaintiff prays for judgment against the Defendants

     and each of them, jointly and severally, as follows:
20
        1. For declaration of the rights and duties of the parties,
21
           specifically that the foreclosure of Plaintiffs' residence was
22
           wrongful.
23
        2. To vacate the Trustee's Deed.
24
        3. To vacate and set aside the foreclosure sale. Grant the TRO
25
           and Preliminary Injunction.

COMPLAINT - 11

1   4. For all compensatory, special, general and punitive

2      damages according to proof.

3   5. For reasonable attorney fees and costs according to proof.

4   6. For reasonable costs of suit and such other and further relief

5      as the Court deems proper.

6      I declare under the penalty of perjury and under the laws of

7      the United States of America that the foregoing is true and

8      correct.

9

10  Date: _12-02-2010_                    _[signature]_

                                          ARLENE E. DAY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT – 12